IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANKLIN CROSBY | CIVIL ACTION NO.: |
| VERSUS | |
| | JUDGE: |
| JOHN DOE, PENN NATIONAL GAMING, INC., LOUISIANA-I GAMING, A Louisiana Partnership in Commendam D/B/A BOOMTOWN BELLE CASINO NEW ORLEANS, PINNACLE ENTERTAINMENT, INC. OF DELAWARE AND SERVICE COMPANIES, INC. | MAGISTRATE JUDGE: |

_____

## **NOTICE OF REMOVAL**
_____

Defendants, LOUISIANA-I GAMING, A Louisiana Partnership in Commendam and PENN NATIONAL GAMING, INC., Defendants in the above-captioned matter, file this Notice of Removal of the above-referenced action from the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and in support thereof state the following:

**History of the Action**

**1.**

Plaintiff, Franklin Crosby ("Plaintiff"), filed a Petition for Damages on March 5, 2020, entitled "*Franklin Crosby v. John Doe, Penn National Gaming, Inc., Louisiana-I Gaming, A Louisiana Partnership in Commendam D/B/A Boomtown Belle Casino New

*Orleans, Pinnacle Entertainment, Inc. of Delaware and Service Companies, Inc.",* bearing civil docket number 804-873, Division B, Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. Plaintiff's Petition is attached as Exhibit 1, *en globo*. Named Defendants are John Doe; Penn National Gaming, Inc., Louisiana-I Gaming, A Louisiana Partnership in Commendam D/B/A Boomtown Belle Casino New Orleans, Pinnacle Entertainment, Inc. of Delaware and Service Companies, Inc.

## Grounds for Removal

**2.**

Plaintiff's action is removable on the basis of complete federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441 et seq.

## Diversity

**3.**

Complete diversity exists in this case. According to the Petition, Plaintiff is a citizen of the State of Louisiana. Defendant, Penn National Gaming, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Pennsylvania. Louisiana-1 Gaming, A Louisiana Partnership in Commendam's citizenship is determined by its partners. The partners comprising the partnership are Boomtown, LLC (general partner); Pinnacle MLS, LLC (limited partner); and Boomtown, LLC (limited partner), all of which are not citizens of the State of Louisiana and are diverse to Plaintiff, Franklin Crosby.

**4.**

The only defendants that have been properly joined and served under 28 U.S.C. § 1441 are Louisiana-1 Gaming, A Louisiana Partnership in Commendam and Penn National Gaming, Inc. Pinnacle Entertainment, Inc. of Delaware and Service Companies, Inc., have never been served with the Petition for Damages as evidenced by the returns of service contained in Exhibit 2, indicating that service has never been completed. John Doe is fictitious and is not considered for purposes of diversity removal. Because Pinnacle Entertainment and Service Companies, Inc. have never been served and properly joined under 28 U.S.C. § 1441, *et seq*. their citizenship is not considered for purposes of removal, nor are consents required from those defendants under 28 U.S.C. § 1446(b)(2)(A).

**5.**

Because Louisiana-1 Gaming, A Louisiana Partnership in Commendam and Penn National Gaming, Inc. are completely diverse from Plaintiff, Franklin Crosby, diversity jurisdiction is appropriate in this suit.

**Improper Joinder of Non-Diverse Party**

**6.**

Service Companies, Inc. is alleged to be a Louisiana corporation doing business in the Parish of Jefferson. However, Service Companies, Inc. has no relation to this litigation since the services it provided to Louisiana-1 Gaming, A Louisiana Partnership consisted solely of cleaning the hotel area adjacent to the Boomtown Casino. Plaintiff's

accident, as alleged in the Petition, and as has been shown through investigation and discovery, occurred within the casino itself. Service Companies, Inc. had no contract for the provision of cleaning services inside the casino, and is a fraudulent joined party apparently for the sole purpose of defeating diversity jurisdiction. Because Service Companies, Inc. has been fraudulently joined its alleged citizenship should not be considered. As stated previously, because Service Companies, Inc. has not been properly served and joined, its citizenship should not be considered in any event, nor is consent required from it for removal of this matter in accordance with 28 U.S.C. § 1446(b)(2)(A).

## Amount in Controversy

**7.**

The removal of this case is authorized by the provisions of 28 U.S.C. § 1441 et seq., because the amount in controversy exceeds $75,000. Plaintiff did not specify the amount of damages sought in his Petition pursuant to Louisiana practice. Plaintiff claims in his Petition that he suffered a variety of injuries and has incurred medical expenses and will incur future medical expenses, loss of income and loss of enjoyment of life. Less than 30 days prior to this Removal, the removing Defendants received a "paper", consisting of Plaintiff's medical records produced in discovery, which disclosed, for the first time, that Plaintiff has undergone arthroscopic surgery on his left knee and is alleged to have sustained a neurological injury to his lumbar spine, has lumbar radiculopathy, is alleged to have a herniated disc and other lumbar injuries. The medical records were

received by the removing Defendants less than 30 days ago, when the records were received in the mail on September 17, 2020. Based on this medical information, the amount in controversy is reasonably expected to exceed the sum of $75,000 exclusive of interest and costs.

## **Timeliness**

**8.**

Less than one year has elapsed since the filing of this suit on March 5, 2020. The Removal is timely as it is filed within one year of the filing of the Petition.

**9.**

As pled previously, less than 30 days has passed since the removing Defendants received information in the form of medical records indicate, for the first time, that the amount in controversy in this suit reasonably exceeds the sum of $75,000 exclusive of interest and costs, and the removing Defendants would respectfully refer this Court to the alleged injuries outlined in Paragraph 7.

**10.**

Written notice has been provided to Plaintiff and the State Court, and a copy of this Notice of Removal has been provided to Plaintiff, through counsel of record.

**11.**

A copy of all pleadings in the state court in possession of counsel are attached collectively as Exhibit 3.

**12.**

Defendant reserves all defenses and rights to relief under Rule 12 of the Federal Rules of Civil procedure.

**WHEREFORE**, LOUISIANA-I GAMING, A Louisiana Partnership in Commendam and PENN NATIONAL GAMING, INC., respectfully request that this action proceed in this Court as an action properly removed.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

  /s/   *D. Russell Holwadel*
**D. RUSSELL HOLWADEL (#16975) T.A.
BRUCE R. HOEFER, JR. (#6889)
LYDIA HABLISTON TOSO (#12873)
PHILLIP J. REW (#25843)
HEATHER E. REZNIK (#29175)**
400 Poydras Street, Suite 2450
New Orleans, Louisiana   70130
Telephone:   504.581.2606
Facsimile:   504.525.1488
**Attorneys for Louisiana-1 Gaming, A Partnership in Commendam and Penn National Gaming, Inc.**

## **CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing Notice of Removal has been served upon counsel for all parties to this proceeding via facsimile, e-mail and/or by depositing in the United States mail, properly addressed and first class postage prepaid on this 16th day of October, 2020.

**Counsel for Plaintiff, Franklin Crosby**
Jeanne K. Demarest
John M. Zazulak, II
Alvendia, Kelly & Demarest, LLC
909 Poydras Street, Ste. 1625
New Orleans, LA 70112

   */s/ D. Russell Holwadel*
  **D. RUSSELL HOLWADEL**